UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| OKECHUKWU MUMMEE AMADI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF HOMELAND, ) <br> SECURITY, et al. ) <br> ) <br> Defendants. ) <br> ) | Case Number: 1:08-CV-0111-PLF |

**DEFENDANTS' FOURTH MOTION FOR EXTENSION OF TIME
TO RESPOND TO THE COMPLAINT**

Pursuant to Fed. R. Civ. P. 6(b)(1), Defendants Department of Homeland Security, et al., respectfully move this Court to extend the deadline for Defendants to respond to the Complaint to June 25, 2008. The undersigned counsel did not attempt to contact *pro se* Plaintiff to discuss this Motion because Plaintiff was incarcerated in the United States at the time he filed the Complaint, and was then deported to Nigeria without leaving a forwarding address. Thus, such a step has been rendered impossible. Plaintiff's last known address was a prison in the United States, so no conference with Plaintiff regarding this non-dispositive motion would have been practicable had he not been deported. Plaintiff will not be prejudiced by the requested extension because undersigned counsel's appearance notice and Defendants' first Motion for Extension of Time were "returned to sender" when mailed to the Plaintiff's last known address.[1]

---

[1] Notice of a change in address or telephone number of a party not represented by an attorney must be filed within 10 days of the change. See LCvR 5.1. Plaintiff's address of record remains the Oakdale Federal Detention Center in Louisiana, but undersigned counsel has been advised that Plaintiff was deported to Nigeria on January 15, 2008.

Consequently, Defendants will complete service of this motion by leaving it with the Clerk of Court for this District, pursuant to Fed. R. Civ. P. 5(b)(2)(D).

There is good cause for the Court to grant this Motion. There are fifteen (15) current or former U.S. Government employees named as individual defendants in their official and individual capacities, including Michael Chertoff, Secretary of Homeland Security, and former Attorney General Alberto Gonzales. See Dkt. Entry 1. A federal employee may be provided representation in civil proceedings in which he is sued in his individual capacity, when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States. 28 C.F.R. § 50.15(a). Upon receipt of the individual's request for counsel, the litigating division of the subject agency determines whether the employee's actions reasonably appear to have been performed within the scope of his employment and whether providing representation would be in the interest of the United States. 28 C.F.R. § 50.15(a)(2).

Pursuant to 28 C.F.R. § 50.15(a)(2), the Civil Division at the Department of Justice has to date authorized undersigned counsel to provide individual capacity representation to fourteen (14) of the defendants in this matter. Id. Undersigned counsel has not yet received final authorization to represent the remaining defendant in his individual capacity.

The undersigned counsel requests an additional two weeks to file an appropriate response to the Complaint. The extension is needed so that any requests for representation for the remaining defendant may be processed. In addition, Defendants need an extension so that

undersigned counsel may work with Defendants to prepare a response for client and supervisory review prior to filing it with the Court.[2]

For these reasons, the Court should set the deadline of June 25, 2008, for Defendants to respond to the complaint in this matter.

Dated: June 10, 2008.                                Respectfully Submitted,

                                                  /s/ _____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                                  /s/ _____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

                                                  /s/ _____
BRANDON L. LOWY
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0364

Attorneys for Defendant

---

[2] The Complaint was filed on January 18, 2008. See Complaint. Pursuant to the Federal Rules of Civil Procedure, service on Defendants must have been perfected by May 17, 2008. See Fed. R. Civ. P. 4(m). Although Return of Service Affidavits have been executed as to most, if not all, of the individual defendants, see Dkt. Entries 5, 6, 9 and 11, service has not yet been perfected with regard to those defendants pursuant to the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(i)(3) and 4(e). Consequently, the fourteen defendants for whom representation authority has been granted plan to move to dismiss the entire action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and other grounds.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OKECHUKWU MUMMEE AMADI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case Number: 1:08-CV-0111-PLF |
| DEPARTMENT OF HOMELAND, ) | |
| SECURITY, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Upon consideration of Defendants' Motion for an Extension of Time to Respond to the Complaint and the entire record herein, it is this _____ day of _____, 2008,

ORDERED that Defendants' Motion for an Extension of Time to Respond to the Complaint be and is hereby GRANTED; and it is

FURTHER ORDERED that Defendants shall have up to, and including, June 25, 2008, to respond to the Complaint.

SO ORDERED.

_____
U.S. District Judge

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of June, 2008, I caused the foregoing Defendants' Motion for an Enlargement of Time to Respond to the Complaint and Order to be filed via the Court's Electronic Case Filing system, and served upon plaintiff, *pro se*, by leaving it with the Clerk of the United States District Court for the District of Columbia, pursuant to Fed. R. Civ. P. 5(b)(2)(D), because Plaintiff has no known address.


                                                              /s/ _____
                                                        BRANDON L. LOWY