## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| OKECHUKWU MUMMER AMADI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 08-0111 (PLF) |
| US DEPARTMENT OF HOMELAND | ) | |
| SECURITY, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
|_____| ) | |

### MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

Defendants U.S. Department of Homeland Security, et al., through undersigned counsel,

hereby move for dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6).[1]  In

the alternative, Defendants move that the case be transferred to the Western District of

Louisiana.  A proposed order and memorandum of points and authorities are attached hereto.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
BRANDON L. LOWY

---

[1]    Undersigned Counsel represents all Defendants for whom he has appeared  in their individual and official capacities except for "John Lan," whom Counsel only represents in his official capacity, and whom counsel believes to be misnamed by Plaintiff (Counsel believes Plaintiff is actually referring to John Lyle). Counsel believes Plaintiff has failed to properly serve "John Lan" just as he has failed to serve the represented Defendants.

Special Assistant United States Attorney
555 Fourth St., N.W.
Washington, DC  20530
Phone: (202) 307-0364 Fax: (202) 514-8780
Brandon.Lowy@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|   |   |
|---|---|
| OKECHUKWU MUMMER AMADI | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) Civil Action No. 08-0111 (PLF) |
| US DEPARTMENT OF HOMELAND | ) |
| SECURITY, et al. | ) |
|  | ) |
| Defendants. | ) |

_____)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR IN THE
ALTERNATIVE TO TRANSFER**

**<u>INTRODUCTION</u>**

Plaintiff, Okechuku Mummee Amadi, asks this Court to grant him $4,225,000.00 in

compensatory and punitive damages for wrongs he allegedly suffered while detained at the

Federal Correctional Institution ("FCI") in Oakdale, Louisiana. R. 1[1] at 7-10. Plaintiff adopts a

shotgun approach in his Complaint, stating numerous claims against Defendants in their

individual and official capacities. <u>Id</u>. at 1. Plaintiff alleges that Defendants wrongfully detained

him, deprived him of his citizenship, departed from their promulgated regulations, and

deliberately ignored his medical needs. <u>See id.</u> at 1-2, 7. Accordingly, Plaintiff brings claims

under 28 U.S.C. § 1346(b) (the Federal Tort Claims Act ("FTCA")), 42 U.S.C. § 1983 (the Civil

Rights Act of 1876), the <u>Bivens</u>[2] doctrine, and 5 U.S.C. § 551 et. seq. (The Administrative

Procedure Act ("APA")). <u>Id.</u>

---

[1]    "R." followed by a number refers to the document identified at that number on this
Court's docket entries.

[2]    <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

## ARGUMENT

Plaintiff's claims against all Defendants in their individual capacities should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) because Plaintiff has not perfected service upon them. Plaintiff's <u>Bivens</u> claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because such claims may only be brought against Defendants in their individual capacities, and pursuant to Fed. R. Civ. P. 12(b)(1) because Defendants are qualifiedly immune from suit. Plaintiff's claims under the FTCA should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because he has failed to allege exhaustion of administrative remedies. Plaintiff's § 1983 claims should be dismissed because Defendants are Federal employees or officers, and thus acted under color of Federal, as opposed to State, law. Plaintiff's "deliberate indifference" claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because he has failed to allege that Defendants were aware of his injuries or medical needs. Plaintiff's claim that Defendants departed from their promulgated regulations should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the United States has not consented to be sued for money damages under the APA. Finally, all of Plaintiff's claims should be dismissed because he has failed to allege sufficient facts to show that he has a plausible claim for relief.[3]

In the alternative, Defendants move to transfer this case to the United States District Court for the Western District of Louisiana. Most of the Defendants do business in Louisiana,

---

[3]     Plaintiff's "deprivation of citizenship" claim is appropriately construed in this motion as part of Plaintiff's wrongful detention civil claim for monetary damages. This construction is appropriate because Plaintiff appears to claim that he should have been released because he was a citizen of Equatorial Guinea rather than Sierra Leone or Nigeria, the country to which he was eventually deported. Id. at 2, 4, 5, 6, 7. Plaintiff complains that Defendants refused to release him even after they allegedly realized that he was not a citizen of Nigeria or Sierra Leone. See id. at 2-7. In addition, Plaintiff claims *per diem* damages from the time Defendants allegedly realized that he was not a citizen of these countries "till the day Amadi will be release." See id. at 9-10. Finally, the claim would be moot if it were treated as a claim for injunctive relief since Plaintiff has already been deported.

3

most of the alleged actions took place in that state, and the only nexus between this District and this case is the fact that the agency Defendants are headquartered in Washington, D.C. However, most of the events giving rise to this complaint — namely, the alleged tortious acts and Constitutional violations — involve actions taken and decisions made by Immigration and Customs Enforcement ("ICE") at the FCI in Oakdale, Louisiana. R. 1 at 1, 3-4. Accordingly, the Western District of Louisiana is a more appropriate forum for this case than this Court, and the interests of justice support transfer.

## I.     RELEVANT LEGAL STANDARDS.

### A. Insufficient Service of Process.

This Court noted recently:

> Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of proper service of summons must be satisfied to assure notice to the defendant.  Under Federal Rule of Civil Procedure 12(b)(5), if the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint. . . . Upon such a motion, the plaintiff carries the burden of establishing that he has properly affected service.  Failure of service is a jurisdictional defect which is fatal. Accordingly, courts routinely dismiss actions when service is improper.

Tom Sawyer Prods., Inc. v. Progressive Partners Achieving Solutions, Inc., --- F. Supp. 2d ---, 2008 WL 1953524, at *3 (D.D.C. May 6, 2008) (internal citations and quotations omitted); see also Light v. Wolf, 816 F.2d 746, 750 (D.C. Cir. 1987). Plaintiff's claims against individual Defendants should be dismissed because Plaintiff has failed to serve any of them properly.

### B. Lack of Subject Matter Jurisdiction.

"The court has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority[.]" Judicial Watch, Inc. v. U.S. Food & Drug Admin., 514 F. Supp. 2d 84, 86 (D.D.C. 2007). "To prevail on a motion to dismiss for lack of subject matter jurisdiction

4

under Fed. R. Civ. P. 12(b)(1), it is the plaintiff's burden to establish that the court has subject matter jurisdiction to hear the case." Zivotofsky v. Sec'y of State, 511 F. Supp. 2d 97, 101 (D.D.C. 2007). That is, "Federal courts are courts of limited jurisdiction and the law presumes that a cause lies outside this limited jurisdiction." Larsen v. U.S. Navy, 486 F. Supp. 2d 11, 18 (D.D.C. 2007) (internal quotations omitted). Moreover, "[i]n making its determination regarding the existence of subject matter jurisdiction, the court may consider matters outside the pleadings." Evans-Hoke v. Paulson, 503 F. Supp. 2d 83, 85 (D.D.C. 2007) (holding, *inter alia*, that the Court lacked subject matter jurisdiction to hear taxpayer's claim for damages, as taxpayer failed to exhaust her administrative remedy). For the reasons stated below, when this standard is applied to certain claims made by Plaintiff, such claims should be dismissed.

### C. Failure to State A Claim Upon Which Relief Can Be Granted.

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also In re Sealed Case, 494 F.3d 139, 145 (D.C. Cir. 2007), citing Twombly. Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support Plaintiff's claim for relief. Id. Indeed, "'[w]ithout some factual allegation in the complaint, it is hard to see how a [plaintiff] could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.'" Chung v. Chao, 518 F. Supp. 2d 270, 273, n.3 (D.D.C. 2007), quoting Twombly.

5

The Court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint.  Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004), citing Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint.  Linares v. Jones, 04-0247, 2007 WL 1601725, at *6 (D.D.C. June 4, 2007), citing Kowal, 16 F.3d at 1276.  Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations."  Id.  For the reasons stated below, even if this Court has jurisdiction, Plaintiff has failed to plead a claim upon which relief can be granted.

## II.    GENERAL ARGUMENTS FOR DISMISSAL.

### A.  Plaintiff Has Failed to Serve Any of the Individual Defendants Properly.

Plaintiff has failed to serve properly any of the Individual Defendants. Officers or employees of the United States sued in their individual capacities, or sued in both their individual and official capacities, must be served under Rule 4(e) if located within a judicial district of the United States.  Rule 4(i)(2), 4(e); see also Simpkins v. D.C. Gov't, 108 F.3d 366, 369 (D.C. Cir. 1997) (defendants in Bivens action must be served as individuals, pursuant to Fed. R. Civ. P. 4(e)).

Rule 4(e) provides that a Plaintiff can affect service by: (i) following state law for serving a summons; (ii) personally serving the individual; (iii) leaving a copy at the individual's dwelling; or (iv) delivering a copy to a person designated as the individual's agent for service of process.  See id.  Plaintiff served the Defendants through certified mail to their respective places

of business, which does not conform to any of these requirements.[4]  Furthermore, Defendants did

not sign any of the acknowledgement of receipt forms included with the certified mail. <u>See</u> R. 5-

12.

Plaintiff has brought this action in the District of Columbia, and has served Defendants in

the District of Columbia, Louisiana, and Texas. The District of Columbia's rules for serving

Federal employees are the same as the Federal rules, which, as mentioned above, Plaintiff has

not followed. <u>See</u> Super. Ct. Civ. R. 4. Louisiana only allows for personal or domiciliary service

of process. La. Code Civ. P. art. 1231.  Although Texas allows for service of process through

certified mail, it requires that when service is made by certified mail the addressee must sign the

return receipt. <u>See</u> Tex. R. Civ. P. 106-107. Plaintiff has failed to effect proper service on

Defendants in their individual capacities, and therefore all claims made against Defendants in

their individual capacities should be dismissed pursuant Fed. R. Civ. P. 12(b)(5).

### B.  <u>Plaintiff's Section 1983 Claims Are Legally Misplaced</u>.

Plaintiff alleges that Defendants' actions violated 42 U.S.C. § 1983 ("Section 1983").

<u>See</u> R. 1 at 2.  However, Plaintiff's reliance on Section 1983 is legally misplaced.  "Section 1983

provides that every person who, under color of law 'of any State or Territory or the District of

Columbia,' deprives another of Constitutional rights 'shall be liable to the party injured.'" 42

U.S.C. § 1983; <u>see</u> <u>also</u> <u>Gray v. Poole</u>, 243 F.3d 572, 574 n.2 (D.C. Cir. 2001).  "The traditional

definition of acting under color of state law requires that the defendants in a §1983 action have

exercised power 'possessed by virtue of state law.'"  <u>Williams v. United States</u>, 396 F.3d 412,

414 (D.C. Cir. 2005).  As such, in Section 1983 cases, courts have "focused on whether [the]

---

[4]    Plaintiff has neither alleged nor proffered any evidence to establish that the individuals
who received and signed for the certified mail were designated as Defendants' agents for service
of process.

defendants are state officials or have conspired with state officials in committing illegal acts." Id.

Here, Plaintiff's Complaint fails to show that the Individual Defendants in this case acted under color of state law or that they are state officials. In fact, the individuals and agencies identified in the Complaint are all Federal officials or agencies, who at all times acted pursuant to Federal law. Accordingly, the Court should dismiss Plaintiff's section 1983 claims as legally deficient.

### C. Plaintiff's *Bivens* Claims Should Be Dismissed Because Defendants Have Not Been Properly Served With Process In Their Individual Capacities.

Bivens permits a plaintiff to bring an action in Federal court against a Federal officer/employee for the violation of his Constitutional rights. Rasul v. Myers, 512 F.3d 644, n.2 at 652. Such claims, however, may only be brought against a Federal official in his or her individual capacity. See Zadvydas v. Davis, 533 U.S. 678 (2001); Kauffman v. Anglo-American School of Sofia, 28 F.3d 1223, 1226 (D.C. Cir. 1994).

As explained above, service has not been perfected with respect to any of the Defendants in their individual capacities. Accordingly, Plaintiff's wrongful detention and deliberate indifference claims under Bivens should be dismissed pursuant to rule 12(b)(6) for failing to state a claim upon which relief may be granted.

### D. Plaintiff's *Bivens* Claims Should Be Dismissed Because the Individual Defendants Enjoy Qualified Immunity.

Defendants are entitled to qualified immunity. See Anderson v. Creighton, 483 U.S. 635, 638 (1987); Davis v. Scherer, 468 U.S. 183, 191 (1984); Harlow v. Fitzgerald, 457 U.S. 800, 806 (1982). Individually-named Federal defendants sued for money damages for violations of

Constitutional rights are immune from suit under the doctrine of qualified immunity if, *inter alia,* the complaint fails to allege facts that give rise to the violation of a clearly-established Constitutional or statutory right of which a reasonable person would have known. Saucier v. Katz, 533 U.S. 194, 196 (2001); Harlow, 457 U.S. at 818 (government officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known); Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998); see also Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.").

Plaintiff asserts that his prolonged detention violated his Constitutional rights, but fails to explain why his detention was a violation of those rights. See R. 1 at 5. Plaintiff claims that he should have been released because he was a citizen of Equatorial Guinea rather than Nigeria or Sierra Leone, but does not reference any law, Constitutional or otherwise, in support of this claim. Id. Thus, Plaintiff's Bivens claim for wrongful detention should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because plaintiff fails to allege that Defendants violated any clearly established Constitutional or statutory rights of which a reasonable person would have known.

Plaintiff also brings a Bivens claim against Defendants for being "deliberately indifferent" to his medical needs. Id. at 7. Plaintiff fails to state the time at which he was first injured, the time at which his need for medical treatment became apparent to Defendants, or whether he ever informed Defendants of his medical needs. Without such allegations, Plaintiff cannot overcome Defendants' immunity since the facts as alleged do not demonstrate that

Defendants violated Plaintiff's clearly established statutory or Constitutional rights.

**E.  Plaintiff's FTCA Claims Should Be Dismissed Because He Has Failed To Plead Exhaustion of Administrative Remedies.**

Plaintiff's Complaint may be construed as bringing claims for wrongful detention and possibly tortious medical treatment under the FTCA.  Id. at 2, 7. These claims should be dismissed for lack of subject matter jurisdiction because Plaintiff has failed to plead exhaustion of administrative remedies. As a jurisdictional prerequisite to suit under the FTCA, plaintiffs must present their claims to an appropriate administrative agency and have those claims finally denied. 28 U.S.C. § 2675(a); see Odin v. United States, 656 F.2d 798, 802-804 (D.C. Cir. 1981). A plaintiff that fails to allege exhaustion of administrative remedies should have his or her FTCA claims dismissed for lack of subject matter jurisdiction. See Wasserman v. Rodacker, 2007 WL 2071649 at *8 (D.D.C. 2007) ("Wasserman [a pro se plaintiff] has failed to allege exhaustion of administrative remedies under the FTCA and therefore defendants' motion to dismiss his common law claims for lack of subject matter jurisdiction will be granted."); Eastridge v. U.S., 2007 WL 495797 at *11 (D.D.C. 2007) (same); Catalano v. Social Sec. Admin., 1988 WL 80044 at *1 (D.D.C. 1988) (same) (unpublished Order), citing Odin, 565 F.2d at 802-804.

Here, Plaintiff has failed to allege that he has presented any of his claims to an appropriate administrative agency. Accordingly, this Court does not have jurisdiction to hear Plaintiff's FTCA claims, and they should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

III.    **DISMISSAL ARGUMENTS AS TO SPECIFIC CLAIMS.**

A.    **Plaintiff's Wrongful Detention Claim Should Be Dismissed Because The Complaint Does Not State Facts Sufficient to Show That He Has A Plausible Claim to Relief.**

Plaintiff alleges that he was wrongfully detained by Defendants. R. 1 at 2. Plaintiff claims that he should have been released because he was a citizen of Equatorial Guinea rather than Nigeria or Sierra Leone, but does not explain why this fact should have led to his release. See, e.g., id. at 5 ("[T]he INS OFFICER called me to talk to the Nigerian Consul in ATLANTA , GEORGIA, MS. JUDY… MS. JUDY responded to me on the phone that I was not a Nigerian… that I should gave [sic] the phone back to the INS/ICE Officer.  That She did not wanted [sic] to talk to me anymore. Still they ICE/DHS kept me in their Detention and intentionally and knowingly refused to release me from detention."). Plaintiff states no plausible claim for relief because he merely asserts that he should not have been detained because he is a citizen of Equatorial Guinea without explaining how this fact was relevant to his detention.

Furthermore, Plaintiff only alleges specific facts relating to any of his claims with respect to two Defendants, Sherry Johnson and Bryan Firmin. Id. at 6. At the very least, the claims against the other Defendants should be dismissed because they have not been provided "fair notice," and Plaintiff has not stated facts sufficient to show that he has plausible claims against them for relief.

**B. <u>Plaintiff's Deliberate Indifference Claim Should Be Dismissed For Failure To State a Claim Upon Which Relief Can Be Granted.</u>**

      *1. Plaintiff's Claim for Deliberate Indifference Should Be Dismissed Because He Fails To Allege That Defendants Knew Of His Medical Needs.*

Plaintiff's claim that Defendants were deliberately indifferent to his medical needs in violation of his rights under the Eighth Amendment should be dismissed for failure to state a claim upon which relief can be granted. The Supreme Court has held that in order to be held liable for deliberate indifference under the Eighth Amendment, defendants must have known of and disregarded a risk to the plaintiff. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 837-42 (1994); <u>Arnold v. Moore</u>, 980 F. Supp. 28, 34 (D.D.C. 1997) (dismissing plaintiff's deliberate indifference claim for failure to state a claim upon which relief may be granted since plaintiff failed to allege that defendants knew of his injuries), <u>citing</u> <u>Farmer</u>, 511 U.S. at 837-42.

Here, in the only reference in his complaint to injuries suffered during his detention, Plaintiff states, "Amadi's detention is a clear manifest action of Cruel and Unusual Punishment of over SEVEN (7) years which resulted in Amadi's Blindness in his LEFT EYES and permanent Damage to his Right Leg as a result of Deliberate Indifference to Amadi's Medical Needs." R. 1 at 7 (internal quotations omitted). Since Plaintiff has not alleged that Defendants knew of and disregarded a risk to Plaintiff, his claim should be dismissed pursuant to Rule 12(b)(6).

      *2. Plaintiff's Claim for Deliberate Indifference Should Be Dismissed Because The Complaint Does Not State Facts Sufficient To Show That He Has A Plausible Claim to Relief.*

Plaintiff states that Defendants were deliberately indifferent to his medical needs, but fails to state the time at which he was first injured, the time at which his need for medical

12

treatment became apparent to Defendants, or whether he ever informed Defendants of his

medical needs. See R. 1 at 7. Without such statements and allegations, Plaintiff has failed to state

facts sufficient to show that he has a plausible claim for relief against Defendants.

C. **Plaintiff's Claim That Defendants Departed From Their Promulgated Procedures Should Be Dismissed For Lack of Subject Matter Jurisdiction And For Failure To State A Claim Upon Which Relief Can Be Granted.**

1. *Plaintiff's Claim That Defendants Departed From Their Promulgated Procedures Should Be Dismissed Because He Seeks Money Damages.*

Plaintiff claims that Defendants departed from their promulgated regulation by keeping

him in detention. R. 1 at 1-2. Such a claim is properly brought under the APA, which does not

waive the United States' sovereign immunity with respect to money damages. See 5 U.S.C. §

702.  Since Plaintiff seeks only monetary damages, this Court lacks subject matter jurisdiction

and this claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

2. *Plaintiff's Claim That Defendants Departed From Their Promulgated Procedures Should Be Dismissed Because The Complaint Does Not State Facts Sufficient To Show That He Has  A Plausible Claim to Relief.*

Plaintiff fails to cite specifically any regulation with which Defendants failed to comply.

He also fails to state how and when the regulations were ignored, and how Defendants were

responsible for such noncompliance. Without such statements and allegations, Plaintiff fails to

state facts sufficient to show that he has a plausible claim for relief.

IV. **IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS ACTION TO THE WESTERN DISTRICT OF LOUISIANA**

This case is governed by the FTCA venue statute, 28 U.S.C. § 1402, and the general

venue statute, 28 U.S.C. § 1391, which establishes default rules for venue that apply to Federal

lawsuits where the underlying statutes do not specify their own venue rules.  See 28 U.S.C. §

1391(a), (b), and (e) (each applying "except as otherwise provided by law.").  Section 1402 identifies two possible bases for venue for claims against the United States: (1) where the plaintiff resides or (2) where "the act or omission complained of occurred." 28 U.S.C. § 1391(e). Section 1391 identifies three possible bases for venue for claims against Federal government officials or agencies: (1) where a defendant "resides;" (2) the district where "a substantial part of the events or omissions giving rise to the claim occurred;" or (3) where "the plaintiff resides, if no real property is involved in the action."  28 U.S.C. § 1402(b).  Plaintiff alleges that venue is proper in this Court because the department head named as Defendant has an office in the District of Columbia.  R. 1 at 3.

When a plaintiff bases his or her venue arguments solely on Federal agency defendants' presence in Washington D.C., the venue challenge should be examined "very closely."  Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993).  That close scrutiny has led courts in this District to invoke their transfer authority pursuant to 28 U.S.C. § 1404(a) and transfer cases to a district with a closer nexus to the parties' dispute.  See, e.g., Cameron, 983 F.2d at 256 (ruling Washington, D.C. was not the proper venue because the sole connection to Washington, D.C. was the inclusion of the Director of the Federal Bureau of Prisons and the Attorney General in their official capacities); Rosales v. United States, 477 F. Supp.2d 213, 215-17 (D.D.C. 2007) (transferring case against Federal agency to district in which the challenged events took place); Southern Utah Wilderness Alliance v. Norton, 315 F. Supp.2d 82, 886-89 (D.D.C. 2005) (concluding environmental case should be transferred to Utah where D.C. officials only set general policies and did not make specific decisions being appealed); Joyner v. District of Columbia, 267 F. Supp.2d 15, 20-21 (D.D.C. 2003) (holding that the case's only connection to

14

Washington, D.C. was the situs of named Federal government defendants and transferring to a district with which the case had several connections). Otherwise, "[b]y naming high government officials as defendants, a plaintiff could bring suit here that properly should be pursued elsewhere." Cameron, 983 F.2d at 256.

The fact that some of the Defendants are high government officials who reside in the District of Columbia does not establish a sufficient connection to this District, and the Court should transfer this case to the Western District of Louisiana. Section 1404(a) permits the Court to transfer this case to "any other district or division where it might have been brought" for the "convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). A threshold question is whether the case could have been brought in the district to which transfer is sought. See Stewart Organization v. Ricoh Corp., 487 U.S. 22, 29 (1988), citing Van Dusen v. Barrack, 376 U.S. 612, 613 (1964). The Court then must engage in a case by case analysis and balance the private interests of the parties with public interests such as efficiency and fairness. Id. at 29; Abusadeh, 2007 WL 2111036, at *3. The moving party bears the burden to establish that it is proper to transfer the case. See Southern Utah, 315 F. Supp. 2d at 86. Trout Unlimited v. United States Dep't of Agriculture, 944 F. Supp. 13, 16 (D.D.C. 1996), citing Air Line Pilots Ass'n v. Eastern Air Lines, 672 F. Supp. 525, 526 (D.D.C. 1987) (citations omitted). Plaintiff could have brought this case in the Western District of Louisiana, and both the private and public interests favor transfer to that court.

The Western District of Louisiana is clearly a district in which this case "might have been brought." Nearly all of the complained of acts or omissions giving rise to the complaint occurred

in Louisiana. Also, most of the Defendants reside and do business in Louisiana. In sum, under either venue statue, venue is proper in the Western District of Louisiana.

The private interests favor transfer.  The factors courts consider when assessing those interests include: Plaintiff's choice of forum, Defendants' choice of forum, whether the claim arose elsewhere, convenience of the parties, convenience of the witnesses, and ease of access to sources of proof.  See Trout Unlimited, 944 F. Supp. at 16 (citation omitted).  Although courts generally accord substantial deference to a plaintiff's choice of forum, that deference is lessened when the forum chosen is not the plaintiff's home forum.  See Shawnee Tribe v. United States, 298 F.Supp.2d 21, 24 (D.D.C. 2002), citing Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981). Courts also apply less deference when the chosen forum has an inadequate nexus to the events in the case.  See Southern Utah Wilderness Alliance, 315 F. Supp.2d at 86.

Plaintiff's choice of forum deserves little deference because he does not reside in this District, and because this District lacks meaningful ties to the controversy. The Western District of Louisiana is a more appropriate forum because that is where the acts of which the Plaintiff complains occurred.  The named Defendants in the District of Columbia had no direct involvement in Plaintiff's detention.  Accordingly, this case is similar to other cases in which courts have found that the private interests favor transfer because the "primary issue in th[e] case" concerns a decision made by an agency field office, and not headquarters.  Southern Utah Wilderness Alliance, 315 F. Supp.2d at 87; see, e.g., Rosales, 477 F. Supp. 2d at 216; Shawnee Tribe, 298 F. Supp.2d at 24; Sierra Club v. Flowers, 276 F. Supp. 62, 67 68 (D.D.C. 2003) (transferring case because Federal officials in Florida made the relevant decision and officials in Washington, D.C. were not involved in the decision making process); see also Airport Working

Group of Orange County, Inc. v. United States Dep't of Defense, 226 F. Supp.2d 227, 230-31

(D.D.C. 2002) (transferring because connection to D.C. was "attenuated" where D.C. officials

were not actively involved in challenged decision).

      Other private interest factors also support transfer. The Western District of Louisiana is

Defendants' choice of forum, and Defendants have legitimate reasons for the Court to transfer the

case there. That district is the home jurisdiction of the FCI, which is where Plaintiff was

detained. Also, since this case involves activities taking place in the Western District of

Louisiana, there is local interest in resolving it there. See Schmidt v. American Institute of

Physics, 322 F. Supp.2d 28, 36 (D.D.C. 2004) (holding that cases should be resolved in the

locale in which they arise); Abusadeh, 2007 WL 2111036 at *8 (transferring case to jurisdiction

where USCIS field office was located because of that district's interest in resolving the dispute).

That also makes the Western District of Louisiana a more convenient jurisdiction in which to

litigate this case because the people directly involved in making the determination as to

Plaintiff's detention are located in Louisiana.

      The public interest also favors transfer. The relevant considerations include: the

transferee's familiarity with governing laws, relative congestion of the calendars of the potential

transferee and transferor courts, and local interests in deciding local controversies at home. See

Trout Unlimited, 944 F. Supp. at 16 (citation omitted); Airport Working Group of Orange

County, Inc., 226 F. Supp.2d at 229. Since this action concerns Federal law, the Western District

of Louisiana is as familiar with the applicable law as the District of Columbia. In addition, there

is no evidence that the Western District of Louisiana's docket is significantly more congested

than the District of Columbia's docket. See Exh. 1 (spreadsheet demonstrating caseload of both

districts). In 2007, the Western District had a significantly lower number of pending cases than this Court (2,544 in the Western District and 3,936 in this Court).  <u>See</u> <u>Id.</u>  Finally, as noted above, the Western District of Louisiana has an interest in deciding this local controversy. Accordingly, all factors weigh in favor of the Court transferring this case to the Western District of Louisiana.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully request that the Court GRANT Defendants' motion to dismiss or, in the alternative, TRANSFER this case to the Western District of Louisiana.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____ _____
BRANDON L. LOWY
Special Assistant United States Attorney
555 Fourth St., N.W.
Washington, DC  20530
Phone: (202) 307-0364 Fax: (202) 514-8780
Brandon.Lowy@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
OKECHUKWU MUMMER AMADI               )
                                                    )
              Plaintiff,                         )
                                                    )
        v.                                       )
                                                    )   Civil Action No. 08-0111 (PLF)
US DEPARTMENT OF HOMELAND         )
SECURITY, et al.                              )
                                                    )
                                                    )
              Defendants.                     )
_____)

**ORDER**

        Upon consideration of Defendants' Motion to Dismiss, or in the Alternative, to

Transfer, it is this _____ day of _____, 200____,


        _____ ORDERED that the Motion to Dismiss be and hereby is

GRANTED, and that complaint be and hereby is DISMISSED;


        _____ ORDERED that the Motion to Transfer be and hereby is

GRANTED, and that the case be and hereby is TRANSFERRED to the

United States District Court for the Western District of Louisiana.


                        SO ORDERED.


                        _____
                        UNITED STATES DISTRICT JUDGE

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on this 25th day of June, 2008, I caused the foregoing Defendants'

Motion to Dismiss, or in the Alternative, to Transfer and Order to be filed via the Court's

Electronic Case Filing system, and served upon plaintiff, _pro se_, by leaving it with the Clerk of

the United States District Court for the District of Columbia, pursuant to Fed. R. Civ. P.

5(b)(2)(D), because Plaintiff has no known address.


                                            /s/ _____

                                          BRANDON L. LOWY

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **LOUISIANA WESTERN** | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | Numerical Standing | |
| OVERALL CASELOAD STATISTICS | Filings* | 2,785 | 2,792 | 2,848 | 3,081 | 2,862 | 3,274 | U.S. | Circuit |
| | Terminations | 2,749 | 2,990 | 3,014 | 2,878 | 2,916 | 3,001 | | |
| | Pending | 2,544 | 2,517 | 2,733 | 2,924 | 2,752 | 2,844 | | |
| | % Change in Total Filings — Over Last Year | | -.3 | | | | | 40 | 4 |
| | % Change in Total Filings — Over Earlier Years | | | -2.2 | -9.6 | -2.7 | -14.9 | 68 | 6 |
| Number of Judgeships | | 7 | 7 | 7 | 7 | 7 | 7 | | |
| Vacant Judgeship Months** | | .0 | .0 | .0 | .0 | 24.0 | 14.6 | | |
| ACTIONS PER JUDGESHIP | FILINGS — Total | 398 | 399 | 407 | 440 | 409 | 468 | 53 | 8 |
| | FILINGS — Civil | 353 | 334 | 351 | 384 | 358 | 421 | 33 | 4 |
| | FILINGS — Criminal Felony | 34 | 52 | 47 | 47 | 47 | 39 | 85 | 8 |
| | FILINGS — Supervised Release Hearings** | 11 | 13 | 9 | 9 | 4 | 8 | 82 | 6 |
| | Pending Cases | 363 | 360 | 390 | 418 | 393 | 406 | 50 | 8 |
| | Weighted Filings** | 393 | 367 | 371 | 410 | 395 | 427 | 56 | 9 |
| | Terminations | 393 | 427 | 431 | 411 | 417 | 429 | 62 | 9 |
| | Trials Completed | 14 | 16 | 15 | 18 | 13 | 17 | 66 | 8 |
| MEDIAN TIMES (months) | From Filing to Disposition — Criminal Felony | 9.2 | 9.4 | 8.2 | 7.5 | 8.0 | 7.8 | 56 | 7 |
| | From Filing to Disposition — Civil** | 9.9 | 12.8 | 12.4 | 11.1 | 11.5 | 9.2 | 58 | 6 |
| | From Filing to Trial** (Civil Only) | 34.0 | 25.5 | 20.7 | 26.5 | 19.0 | 19.0 | 72 | 8 |
| OTHER | Civil Cases Over 3 Years Old** — Number | 93 | 101 | 107 | 130 | 116 | 65 | | |
| | Civil Cases Over 3 Years Old** — Percentage | 4.1 | 4.6 | 4.4 | 4.9 | 4.6 | 2.4 | 40 | 6 |
| | Average Number of Felony Defendants Filed Per Case | 1.4 | 1.5 | 1.4 | 1.6 | 1.5 | 1.7 | | |
| | Jurors — Avg. Present for Jury Selection | 39.88 | 40.62 | 44.40 | 42.61 | 41.27 | 31.79 | | |
| | Jurors — Percent Not Selected or Challenged | 37.3 | 32.6 | 33.8 | 29.6 | 32.2 | 29.7 | | |

**2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE**

| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Civil | 2468 | 159 | 85 | 644 | 11 | 37 | 83 | 490 | 654 | 45 | 196 | - | 64 |
| Criminal* | 237 | 7 | 46 | 18 | 56 | 43 | 8 | 18 | 6 | 25 | 2 | 2 | 6 |

\*   Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|
| **DISTRICT OF COLUMBIA** | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | | |
| OVERALL CASELOAD STATISTICS | Filings* | 2,870 | 2,947 | 3,383 | 3,121 | 3,461 | 3,382 | U.S. | Circuit |
| | Terminations | 3,016 | 3,458 | 3,305 | 3,365 | 3,101 | 3,159 | | |
| | Pending | 3,936 | 4,114 | 4,634 | 4,422 | 4,656 | 4,338 | | |
| | % Change in Total Filings — Over Last Year | | -2.6 | | | | | 57 | - |
| | % Change in Total Filings — Over Earlier Years | | | -15.2 | -8.1 | -17.1 | -15.1 | 70 | - |
| Number of Judgeships | | 15 | 15 | 15 | 15 | 15 | 15 | | |
| Vacant Judgeship Months** | | 8.2 | .0 | .0 | .0 | 3.1 | 17.1 | | |
| ACTIONS PER JUDGESHIP | FILINGS — Total | 191 | 197 | 226 | 208 | 231 | 225 | 90 | - |
| | FILINGS — Civil | 161 | 159 | 180 | 163 | 184 | 179 | 84 | - |
| | FILINGS — Criminal Felony | 21 | 25 | 30 | 32 | 35 | 34 | 94 | - |
| | FILINGS — Supervised Release Hearings** | 9 | 13 | 16 | 13 | 12 | 12 | 85 | - |
| | Pending Cases | 262 | 274 | 309 | 295 | 310 | 289 | 79 | - |
| | Weighted Filings** | 245 | 239 | 272 | 261 | 280 | 271 | 86 | - |
| | Terminations | 201 | 231 | 220 | 224 | 207 | 211 | 91 | - |
| | Trials Completed | 13 | 7 | 10 | 15 | 15 | 12 | 72 | - |
| MEDIAN TIMES (months) | From Filing to Disposition — Criminal Felony | 15.3 | 14.4 | 12.9 | 12.8 | 10.2 | 9.6 | 91 | - |
| | From Filing to Disposition — Civil** | 9.0 | 10.2 | 10.8 | 10.3 | 10.3 | 10.5 | 42 | - |
| | From Filing to Trial** (Civil Only) | 44.0 | 37.0 | 35.0 | 27.4 | 25.0 | 29.0 | 79 | - |
| OTHER | Civil Cases Over 3 Years Old** — Number | 408 | 433 | 468 | 408 | 445 | 359 | | |
| | Civil Cases Over 3 Years Old** — Percentage | 14.8 | 15.1 | 14.1 | 12.8 | 12.7 | 11.1 | 88 | - |
| | Average Number of Felony Defendants Filed Per Case | 1.4 | 1.4 | 1.5 | 1.5 | 1.3 | 1.4 | | |
| | Jurors — Avg. Present for Jury Selection | 105.57 | 70.60 | 86.63 | 75.49 | 85.69 | 93.32 | | |
| | Jurors — Percent Not Selected or Challenged | 63.2 | 47.2 | 53.6 | 50.4 | 56.6 | 55.7 | | |

**2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE**

| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
|---------|-------|---|---|---|---|---|---|---|---|---|---|---|---|
| Civil | 2415 | 21 | 85 | 475 | 54 | 21 | 123 | 195 | 128 | 53 | 584 | 30 | 646 |
| Criminal* | 316 | 2 | 120 | 6 | 23 | 68 | 17 | 13 | 3 | 18 | 5 | 25 | 16 |

\*  Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."